UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**R. M. BUSH & COMPANY,**

      **Plaintiff,**

      v.

**NATIONWIDE MUTUAL INSURANCE COMPANY,**

      **Defendant.**

Case No. 2:24-cv-4311
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant Nationwide Mutual Insurance Company's Motion to Dismiss, Or, in the Alternative, Motion to Transfer. (ECF No. 13.) For the reasons stated in this Opinion and Order, the Court **GRANTS** Nationwide's Motion to Dismiss. Accordingly, Plaintiff R. M. Bush & Company's Motion to Vacate or Modify Arbitration Award (ECF No. 3) and Amended Motion to Vacate or Modify Arbitration Award (ECF No. 47) are **DENIED as moot** without prejudice to refiling in the U.S. District Court for the Southern District of Georgia.

## BACKGROUND

### I. The Parties' Agreements

R. Mitchell Bush operates an independent contractor insurance agency, R. M. Bush & Company ("R. M. Bush"), in Savannah, Georgia. (ECF No. 45-1, ¶¶ 1, 6; ECF No. 13, PageID 84.) R. M. Bush operated as an exclusive agency of Nationwide under an exclusive agent agreement starting in the 1990s. (ECF No. 13, PageID 84–85.) In 2020, Nationwide ended its exclusive agent program and moved those agents, including R. M. Bush, into an independent contractor program. (ECF No. 45-1, ¶ 11.)

As part of this transition, R. M. Bush and Nationwide entered into multiple contracts. (ECF

No. 13, PageID 85.) Under an Independent Contractor Agreement ("ICA"), R. M. Bush began operating as an independent contractor of Nationwide as of July 1, 2020. (ECF No. 38-4; ECF No. 40, PageID 367.) Under an Asset Transfer Agreement ("ATA"), Nationwide agreed to transfer certain asserts and contractual rights to R. M. Bush. (ECF No. 38-3.)

The ICA includes an arbitration clause that provides, "Any claim or dispute between Agent and Company, will be adjudicated on an individual agent-by-agent basis, and not on a class or representative basis. The adjudication will be by mandatory binding arbitration . . . . The place of arbitration will be Columbus, Ohio." (ECF No 38-4, PageID 242.) The ICA also provides,

> [This section] does not limit either Party's right to pursue equitable remedies for a temporary restraining order or preliminary or permanent injunctive relief from a court of competent jurisdiction before, after, or during the pendency of any arbitration proceeding, including in aid of arbitration. The exercise of any such remedy does not waive either Party's agreement to arbitrate. The Parties intend that any dispute in any way relating to the Parties' contractual and business relationship must be pursued through arbitration such that there should be no disputes suitable for filing in a court of competent jurisdiction except as to the pursuit of equitable remedies described in this paragraph. But, if a court determines that such claims exist, the claims may be brought only in a state or federal court in Columbus, Franklin County, Ohio, and Agent expressly and irrevocably consents to the personal jurisdiction and venue of such courts.

(*Id.* PageID 244.)

Separately, under a section of the ATA titled "Submission to Jurisdiction,"

> Each Party irrevocably agrees that any legal action or proceeding arising out of or relating to this Agreement or for recognition and enforcement of any judgment in respect hereof brought by the other Party or Parties . . . must be brought and determined exclusively in any Ohio state or federal court sitting in Columbus, Ohio.

(ECF No. 38-3, PageID 216.)

Additionally, under the ATA, the Parties agreed that Ohio law governs "all disputes or controversies arising out of or relating to this Agreement." (*Id.*) Under the ICA, the Parties agreed that "Ohio law will govern the Arbitration Procedures when adjudicating the rights of the Parties."

2

(ECF No. 38-4, PageID 244.) The ICA also provides that because the ICA involves interstate commerce, "the Federal Arbitration Act will govern issues of substantive law in any arbitration proceedings." (*Id.*)

## II. Earlier Litigation and Arbitration

Before bringing this lawsuit, R. M. Bush sued Nationwide in the U.S. District Court for the Southern District of Georgia in September 2020, "seeking a declaratory judgment stating that the [ATA] is void and unenforceable, an injunction prohibiting Nationwide from enforcing the [ATA], and equitable rescission of the [ATA]." *Bush v. Nationwide Mut. Ins. Co.*, No. 4:20-CV-219, 2021 WL 3711183, at *1 (S.D. Ga. Aug. 20, 2021) (Baker, J.). Nationwide moved to compel arbitration. (ECF No. 13, PageID 85.) Applying Ohio law, the Georgia court rejected R. M. Bush's argument that the ICA's arbitration clause was inapplicable because of the ATA's "Submission to Jurisdiction" provision. *Bush*, 2021 WL 3711183, at *4. Instead, the Georgia court concluded that the two provisions were compatible and compelled R. M. Bush's declaratory judgment and equitable estoppel claims to arbitration under the ICA. *Id.* at *5–6.

The Georgia court also held that "an arbitrator should determine whether [R. M. Bush]'s request for an injunction prohibiting Nationwide from enforcing the [ATA] is subject to arbitration." *Id.* at *6. In August 2022, the arbitration panel held that under the ICA, either party may seek injunctive relief through judicial proceedings "before or during the arbitration of other issues." *Bush v. Nationwide Mut. Ins. Co.*, No. 4:20-CV-219, 2024 WL 477004, at *3 (S.D. Ga. Feb. 7, 2024). R. M. Bush then filed an amended complaint in the Georgia case, adding a claim for monetary damages under 26 U.S.C. § 7434. *Id.* Nationwide moved to dismiss the amended complaint. *Id.* In February 2024, the Georgia court determined R. M. Bush was not entitled to injunctive relief at that time and ordered the parties to submit the underlying dispute to arbitration,

3

including the § 7434 claim, the declaratory judgment claim, and a related request for injunctive relief. *Id.* at *5. The Georgia court administratively stayed the case pending arbitration and ordered the parties to file joint status reports regarding the arbitration. *Id.*

The arbitration panel issued a "Partial Final Award" on October 4, 2024, granting Nationwide's motion to dismiss and leaving open the issue of attorney's fees owed to Nationwide. (ECF No. 39-1, PageID 364.) On January 31, 2025, the panel issued a "Final Award," awarded Nationwide attorney's fees, and recommended dismissal of R. M. Bush's claims. (*Id.* PageID 364–65.)

### III. Current Lawsuit

On December 30, 2024, after the issuance of the Partial Final Award but before the Final Award, R. M. Bush filed this lawsuit. (*See* ECF No. 1.) It filed a complaint (ECF No. 45-1) and a Motion to Vacate or Modify Arbitration Award ("Motion to Vacate or Modify") (ECF No. 3, 46-1), seeking to vacate or modify the Partial Final Award. On May 1, 2025, R. M. Bush filed an Amended Motion to Vacate or Modify Arbitration Award (ECF No. 47) for the purpose of preserving its right to file ancillary arbitration litigation against the Final Award, which was issued after it filed its first Motion to Vacate or Modify. The Amended Motion does not otherwise substantively differ from the Motion to Vacate or Modify.

Nationwide filed the instant Motion to Dismiss, Or, In the Alternative, Motion to Transfer ("Motion to Dismiss or Transfer"). (ECF No. 13.) Nationwide moves this Court to dismiss R. M. Bush's complaint under the "first-to-file" rule or, in the alternative, to transfer this case to the Georgia court under the change of venue statute, 28 U.S.C. § 1404. (*Id.* PageID 83.) This Court stayed the briefing schedule regarding the Motion to Vacate or Modify until the Court issues a decision on the Motion to Dismiss or Transfer. (ECF No. 25.) After R. M. Bush filed the lawsuit

4

and the Motion to Vacate or Modify, Nationwide filed a motion to confirm the arbitration award in the Georgia court. (ECF No. 40, PageID 371.)

R. M. Bush filed a response in opposition to the Motion to Dismiss or Transfer. (ECF No. 39.) Nationwide filed a reply. (ECF No. 40.) R. M. Bush filed a Motion for Leave to File Proposed Surresponse to Nationwide's reply. (ECF No. 41.) Nationwide responded in opposition to the Motion for Leave (ECF No. 42), and R. M. Bush filed a reply (ECF No. 43). Nationwide filed an unopposed Motion to Stay Briefing of Plaintiff's Amended Motion to Vacate or Modify Arbitration Award (ECF No. 47) to the extent the Court's Order staying briefing of the initial Motion to Vacate or Modify (ECF No. 25) does not stay briefing relating to the Amended Motion. (ECF No. 48.)

## ANALYSIS

The first issue is whether this Court *must* decide R. M. Bush's Motion to Vacate or Modify under the Parties' forum selection agreements and applicable law. If not, the issue becomes whether this Court *should* decide the Motion to Vacate or Modify, or whether ancillary arbitration litigation should instead be left to the Georgia court. For the reasons explained below, the Court concludes that R. M. Bush waived the applicable forum selection clause and that ancillary arbitration litigation should be resolved in the Georgia court under the first-to-file rule.

**I.  Effect of ICA and ATA on R. M. Bush's Motion to Vacate or Modify**

R. M. Bush argues under the ATA's forum selection provision, a state or federal court in Columbus, Ohio must decide any motion to vacate, modify, or confirm an arbitration award arising out of the ICA's arbitration clause. (ECF No. 39, PageID 360–61.) Nationwide contends that the ICA, rather than the ATA, controls on that issue and that under the ICA, the parties can bring ancillary arbitration litigation in any court of competent jurisdiction. (ECF No. 40, PageID 372.)

5

In R. M. Bush's proposed surresponse, it argues that the ICA requires that any non-arbitrable request for relief, including a motion to vacate, modify, or confirm the arbitration award, must be brought in a court in Columbus pursuant to a forum selection clause. (ECF No. 41-2, PageID 397.)

### A. Proposed Surresponse

Nationwide's reply brief does not include new information or arguments justifying the need for a surresponse from R. M. Bush. The proposed surresponse primarily addresses Nationwide's characterization of the ICA and interpretation of relevant case law, which are issues sufficiently briefed in R. M. Bush's response. *See Coulson v. Gulfport Appalachia, LLC*, No. 2:23-CV-930, 2024 WL 1256189, at *2 (S.D. Ohio Mar. 25, 2024) ("The local rules of this Court seldom permit 'additional memoranda' beyond motions, memoranda in opposition, and replies 'except upon leave of the court for good cause shown.'" (quoting S.D. Ohio Civ. R. 7.2(a)(2))). For lack of good cause shown, the Court **DENIES** R. M. Bush's Motion for Leave to File Proposed Surresponse. (ECF No. 41.)

### B. Jurisdiction

Before assessing the ICA and ATA, the Court first addresses jurisdiction over R. M. Bush's Motion to Vacate or Modify the arbitration award. R. M. Bush moves this Court to modify or vacate the arbitration award under § 10(a)(4) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. (ECF No. 3, PageID 32.) The FAA itself "does not create any independent federal question jurisdiction." *Am. Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV (New World Commc'ns of Detroit, Inc.)*, 164 F.3d 1004, 1007 (6th Cir. 1999). Thus, "[a] federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.'" *Badgerow v. Walters*, 596 U.S. 1, 8 (2022) (quoting *Hall St. Ass'ns, L. L. C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). A federal court has diversity jurisdiction under 28 U.S.C.

6

§ 1332(a) over an application to vacate, modify, or confirm an arbitration award if the application, on its face, "shows that the contending parties are citizens of different States (with over $75,000) in dispute)." *Id.*

In the Complaint, R. M. Bush asserts that this Court has diversity jurisdiction over the underlying dispute under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. (ECF No. 45-1, ¶ 8.) Nationwide does not dispute this basis of jurisdiction. On the face of R. M. Bush's Complaint and Petition to Vacate or Modify the Arbitration Award, this Court has diversity jurisdiction over the action under the FAA.

### C. The ICA's Arbitration and Forum Selection Clauses

In the Georgia case, Nationwide moved to compel arbitration based on the ICA and to dismiss R. M. Bush's complaint, or, in the alternative, to "transfer [the] case to the Southern District of Ohio in accordance with multiple forum selection clauses that require litigation be brought in Columbus, Ohio." *Bush*, 2021 WL 3711183, at *3 n.3. The Georgia court did not address the transfer argument: "[b]ecause the Court finds that this case should be sent to arbitration, it does not reach this issue." *Id.* In the same opinion, the Georgia court held that, under Ohio law, the ICA's arbitration provision is compatible with the ATA's submission to jurisdiction provision. *Bush*, 2021 WL 3711183, at *4–5.

As discussed above, the Parties agreed both in the ICA and the ATA that Ohio law governs the interpretation of those agreements.[1] A federal court sitting in diversity applies the choice of law principles of the forum state, here Ohio. *Wiggins v. Bank of Am., N. Am.*, 488 F. Supp. 3d 611, 634 (S.D. Ohio 2020). Under Ohio law, "choice-of-law provisions in contracts are generally

---

[1] The Parties also agreed that "the Federal Arbitration Act will govern issues of substantive law in any arbitration proceedings." (ECF No. 38-4, PageID 244.)

7

accepted" absent exceptions not applicable here. *Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 718 (6th Cir. 2015). Accordingly, Ohio law governs this Court's interpretation of the ICA and ATA.

In the Sixth Circuit, courts determine the law governing the interpretation and applicability of a forum selection clause under the same *Erie* choice-of-law analysis. *Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 326–27 (6th Cir. 2024). Accordingly, Ohio law also applies to the Court's interpretation of the forum selection clauses in the ICA and ATA.

As an initial matter, R. M. Bush alleges that Nationwide's position has shifted regarding venue. (ECF No. 39, PageID 357.) But Nationwide moved to transfer the Georgia case to this Court only in the alternative to its motion to compel arbitration, which was granted. Nationwide's argument in the Georgia court that *non-arbitrable* claims should be resolved in the Southern District of Ohio based on the ICA and ATA is not inconsistent with its current position that any motion to vacate, modify, or confirm the arbitration award should be resolved in the Georgia court under the first-to-file rule.

Nationwide's position aligns with the text of the ICA. As determined by the Georgia court, the ICA compelled arbitration of all of R. M. Bush's merits claims. The ICA also provides that "there should be no disputes suitable for filing in a court of competent jurisdiction" other than for a temporary restraining order, preliminary injunction, or a permanent injunction. (ECF No. 38-4, PageID 244.) The ICA's forum selection clause requiring "claims" to be brought in Columbus, Ohio is triggered *only* if a court determines a distinct, non-arbitrable claim exists. (*Id.*)

R. M. Bush contends that a motion to modify, vacate, or confirm the arbitration award is such a claim. (ECF No. 41-2, PageID 397.) But its motion to vacate or modify the arbitration award is not a new "claim" distinct from the merits of the Parties' dispute that the Georgia court

8

compelled to arbitration. Rather, it is an ancillary proceeding regarding the arbitration that resolved all of R. M. Bush's merits claims (in Nationwide's favor). The ICA does not require this Court to resolve that type of motion. In addition, insofar as a motion to vacate, modify, or confirm an arbitration award is "an equitable remedy . . . in aid of arbitration," as described in the ICA, the ICA only requires that the Parties bring such a motion in "a court of competent jurisdiction." (ECF No. 38-4, PageID 244.) The ICA does not require this Court to decide R. M. Bush's Motion.

### D. ATA Forum Selection Clause

Separately, R. M. Bush argues that this Court must decide its motion to vacate or modify the arbitration award because of the ATA's forum selection clause. (ECF No. 39, PageID 358.) As described in more detail above, the ATA provides that "any legal action or proceeding arising out of or relating to [the ATA] . . . must be brought and determined exclusively in any Ohio state or federal court sitting in Columbus, Ohio." (ECF No. 38-3, PageID 216.) The Georgia court held that R. M. Bush's claims about the enforceability of the ATA were subject to mandatory arbitration under the ICA because the ICA's arbitration provision encompassed, "any dispute in any way relating to the Parties' contractual and business relationship," including R. M. Bush's claim that the ATA is unenforceable. *Bush*, 2021 WL 3711183, at *4–5; *Bush*, 2024 WL 477004, at *4–5. This Court now must decide whether the ATA's forum selection clause requires that any motion to vacate, modify, or confirm an arbitration award arising out of arbitration ordered under the ICA must be decided in a court in Columbus, Ohio.

Under Ohio law, "[i]n construing any written instrument, the primary and paramount objective is to ascertain the intent of the parties. The general rule is that contracts should be construed so as to give effect to the intention of the parties." *Aultman Hosp. Ass'n v. Cmty. Mut. Ins. Co.*, 544 N.E.2d 920, 923 (Ohio 1989). "When the language of a written contract is clear, a

9

court may look no further than the writing itself to find the intent of the parties." *Westfield Ins. Co. v. Galatis*, 797 N.E.2d 1256, 1261 (Ohio 2003). "As a matter of law, a contract is unambiguous if it can be given a definite legal meaning." *Id.*

In a case where a contract included both an arbitration clause and a forum selection clause, an Ohio court held that "[t]he arbitration clause and forum selection clause do not conflict because arbitration and litigation are not mutually exclusive." *Cook v. Cmty. Health Partners*, No. 13CA010520, 2015 WL 1291514, at *3 (Ohio 9th Dist. Ct. App. Mar. 23, 2015). The Ohio court favorably recited a federal district court's reasoning that "[l]itigation and arbitration are not mutually exclusive exercises. A case that proceeds to arbitration may nevertheless require that a court enter a judgment pursuant to the arbitral award. . . . Additionally, following arbitration, a party may initiate litigation to request that a court vacate an arbitration award." *Id.* (quoting *Higman Marine Services, Inc. v. BP Amoco Chem. Co.*, 114 F.Supp.2d 593, 596–97 (S.D. Texas 2000)). Similarly, "[c]ourts have held that forum selection clauses are not inherently inconsistent with arbitration agreements, since arbitration awards are not self-enforcing, and the parties may have merely intended to prescribe the method of judicial enforcement of arbitration." *ChampionsWorld, LLC v. U.S. Soccer Fedn., Inc.*, 487 F.Supp.2d 980, 988–89 (N.D. Ill. 2007).

This Court agrees with the Georgia court that the ICA's arbitration provision and the ATA's forum selection clause are not inherently inconsistent. *See Bush*, 2021 WL 3711183, at *4. The Parties unambiguously expressed their intent under the ATA that "any legal action or proceeding arising out of or relating to [the ATA] . . . must be brought and determined exclusively in any Ohio state or federal court sitting in Columbus, Ohio." (ECF No. 38-3, PageID 216.) R. M. Bush's claims certainly at least relate to the ATA. Its claim for monetary damages for Nationwide's tax fraud under 26 U.S.C. § 7434 "hinges on the validity of Nationwide's transmission of the

10

challenged 1099-NECs, which was explicitly contemplated by and addressed in the ATA." *Bush*, 2024 WL 477004. And R. M. Bush's requested relief under its declaratory judgment claim is a "determin[ation] that the [at issue] provisions of the ATA . . . are unenforceable." *Id.* at *3 n.3 ("While not specifically listed and alleged as a count in the Amended Complaint, [R. M. Bush] maintain[s] that [it is] still pursuing a claim under the Declaratory Judgment Act.")

Given that R. M. Bush's underlying claims arise out of and relate to the ATA, the arbitration ordered by the Georgia court under the ICA to resolve those claims is a legal proceeding relating to the ATA. In line with the holdings of the above-cited Ohio courts and federal courts, the forum selection clause of the ATA is reconcilable with the ICA's arbitration clause. This Court can give both agreements effect without contradicting the expressed intent of the Parties.

The ATA's forum selection clause, by its unambiguous terms, requires that and legal proceeding relating to the ATA be "brought and determined exclusively" by a court in Columbus, Ohio. (ECF No. 38-3, PageID 216.) A motion to modify, vacate, or confirm an arbitration award certainly is also a "legal action or proceeding," and R. M. Bush's motion certainly relates to the ATA. Accordingly, under the ATA's forum selection clause, any motion to modify, vacate, or confirm an arbitration award resulting from an arbitration under the ICA, including R. M. Bush's Motion to Vacate or Modify, must be brought in and decided by a court in Columbus, Ohio. *See Cook*, 2015 WL 1291514, at *3 (interpreting a clause that "[a]ny action or claim arising from, under or pursuant to [the contract]" must be brought in a state or federal court in Ohio to include "proceedings to enforce, vacate, or modify an arbitration award"); *Applied Energetics, Inc. v. NewOak Cap. Mkts., LLC*, 645 F.3d 522, 525 (2d Cir. 2011) (holding that a New York forum selection clause gave New York courts jurisdiction over ancillary arbitration proceedings, including a motion to enforce or challenge an arbitration award). This interpretation best ascertains

and achieves the intent of the Parties under the ATA's forum selection clause.

### E. Waiver of the ATA Forum Selection Clause

Nationwide argues that even if the ATA requires R. M. Bush to bring its Motion to Vacate or Modify in this Court, R. M. Bush waived the clause by originally filing the action in the Georgia court and opposing Nationwide's motion to transfer that case to this Court (if the claims were non-arbitrable). (ECF No. 40, PageID 375–76.) The Parties do not argue whether a federal court sitting in diversity applies federal or state law to waiver of a forum selection clause, and the Sixth Circuit has not addressed that issue. The Court need not decide the issue because under either Ohio law or federal law, R. M. Bush waived its right to enforce the ATA's forum selection clause against Nationwide.

Under Ohio law, "'[w]aiver' is a voluntary relinquishment of a known right." *Bldg. Servs. Inst. v. Kirk Williams Servs. Co.*, No. 07AP-686, 2008 WL 747657, at *2 (Ohio 10th Dist. Ct. App. Mar. 20, 2008) (citing *White Co. v. Canton Transp. Co.*, 2 N.E.2d 501 (Ohio 1936), paragraph one of the syllabus); *see Glidden Co. v. Lumbermens Mut. Cas. Co.*, 861 N.E.2d 109, 118 (Ohio 2006) ("Waiver is a voluntary relinquishment of a known right and is generally applicable to all personal rights and privileges, whether contractual, statutory, or constitutional."). "Waiver of a contractual right can occur when a party intentionally acts in a manner inconsistent with claiming that right." *Bldg. Servs.*, 2008 WL 747657, at *2.

Under federal law, waiver "is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quotation marks omitted). A court determines whether a party has waived a contractual right by "focus[ing] on the actions of the person who held the right." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022). Waiver of a contractual right is effective even absent a showing of prejudice to the other party. *Id.*

For years, R. M. Bush disregarded the ATA forum selection clause that it now seeks to enforce. It was presumptively aware of the clause, and it nonetheless voluntarily and intentionally chose to file suit in Georgia, not Ohio, in September 2020. *See Preferred Cap., Inc. v. Power Eng'g Grp., Inc.*, 860 N.E.2d 741, 745 (Ohio 2007) ("[P]arties to contracts are presumed to have read and understood them.") It litigated the matter for years in the Georgia court, opposing Nationwide's efforts to transfer the case to the Southern District of Ohio under the ATA (if necessary in the alternative to arbitration). R. M. Bush's filing of a complaint and an amended complaint in the Georgia court is directly inconsistent with the ATA's forum selection clause requiring any legal proceeding relating to the ATA to be brought in a court in Columbus, Ohio.

For these reasons, whether under Ohio law or federal law, R. M. Bush waived the forum selection clause by suing Nationwide in the Georgia court in September 2020 and continuing to litigate there. *See Bldg. Servs.*, 2008 WL 747657, at *2 (holding that, under Ohio law, a plaintiff waived and could not enforce a forum selection clause because the plaintiff filed suit in a different forum and was aware of the clause). R. M. Bush cannot now enforce the clause against Nationwide in opposition to Nationwide's motion to dismiss or transfer the case.

The Court next turns to whether this Court should decide the Motion to Vacate or Modify even though the forum selection clause is not enforced.

## II. First-to-File Rule

Nationwide argues the Court should dismiss or transfer R. M. Bush's complaint under the "first-to-file rule," leaving matters related to the arbitration proceeding for resolution in the Georgia court. (ECF No. 13, PageID 87.) "The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001). "The rule provides that when actions

13

involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)) (internal quotations omitted).

"If the rule applies, a court may transfer, stay, or dismiss the later filed action." *Aero Advanced Paint Tech., Inc. v. Int'l Aero Prods., LLC*, 351 F. Supp. 3d 1067, 1070 (S.D. Ohio 2018) (Watson, J.). In deciding whether the first-to-file rule applies, a court should weigh three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *See Plating Res., Inc. v. UTI Corp.*, 47 F.Supp.2d 899, 903 (N.D. Ohio 1999).

The first-to-file factors weigh heavily in favor of applying the rule to R.M. Bush's Motion to Vacate or Modify. R. M. Bush first sued Nationwide regarding the ATA in the Georgia court in September 2020, more than four years before coming to this Court with its Motion to Vacate or Modify the award resulting from the arbitration that the Georgia court compelled. The Georgia court has issued multiple orders and opinions regarding discovery, arbitrability, interpretation of the ICA and ATA, a request for injunctive relief, and the nature of R. M. Bush's claims against Nationwide. *See Bush v. Nationwide Mut. Ins. Co.*, No. CV420-219, 2020 WL 5517679 (S.D. Ga. Sept. 14, 2020); *Bush*, 2021 WL 3711183; *Bush*, 2024 WL 477004. Although Mr. Bush personally is a plaintiff in the Georgia case but not in the case before this Court, the nature of the claims and the dispute are essentially identical.

Additionally, the Georgia court expected post-arbitration litigation to proceed before it. *See Bush*, 2024 WL 477004, at *5–6 (compelling arbitration, staying the case pending arbitration, declining to grant injunctive relief until resolution of arbitration, and directing the parties to file

status reports regarding the arbitration). Indeed, Nationwide filed a motion to confirm the arbitration award in the Georgia court shortly after R. M. Bush filed its motion to vacate or modify the award in this Court. Furthermore, "the court with the power to stay the action under [9 U.S.C.] § 3 has the further power to confirm any ensuing arbitration award." *Cortez*, 529 U.S. 193, 202 (2000) (citing *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275–76 (1932) ("We do not conceive it to be open to question that, where the court has authority under the statute . . . to make an order for arbitration, the court also has authority to confirm the award or to set it aside for irregularity, fraud, *ultra vires* or other defect.")).

Ultimately, the Georgia court has jurisdiction to resolve ancillary arbitration proceedings. Allowing resolution of the Parties' competing motions to proceed before the Georgia court advances principles of comity, fairness, and judicial efficiency.

## CONCLUSION

For the reasons stated in this Opinion and Order, the Court **GRANTS** Nationwide's Motion to Dismiss, Or, in the Alternative, Motion to Transfer. (ECF No. 13.) R. M. Bush's claims against Nationwide are **DISMISSED** under the first-to-file rule. The Motion to Vacate or Modify Arbitration Award (ECF No. 3) and Amended Motion to Vacate or Modify Arbitration Award (ECF No. 47) are **DENIED as moot** without prejudice to refiling in the U.S. District Court for the Southern District of Georgia. Nationwide's Unopposed Motion to Stay Briefing of Plaintiff's Amended Motion to Vacate or Modify Arbitration Award is **DENIED as moot**. (ECF No. 48.) R. M. Bush's Motion for Leave to File [Proposed] Surresponse to Defendant Nationwide Mutual Insurance Company's Reply In Support of Its Motion to Dismiss, Or, In the Alternative, Motion to Transfer is **DENIED**. (ECF No. 41.)

The Clerk is **DIRECTED** to enter judgment and terminate this case.

**IT IS SO ORDERED.**

| | |
|---|---|
| **5/15/2025** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |